UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MOORE ROAD, LLC, | ) | CASE NO. 1:21-cv-01773 |
| | ) | |
| | ) | JUDGE DAVID A. RUIZ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| J. CRAIG SNODGRASS, *et al.*, | ) | MEMORANDUM OPINION & ORDER |
| | ) | |
| Defendants. | ) | |

Now pending before this Court is Defendants' motion to dismiss Plaintiff's Complaint. Plaintiff Moore Road, LLC's Complaint alleges three causes of action: (1) unlawful taking of its real property in violation of the Fifth and Fourteenth Amendments to the United States Constitution; (2) declaratory judgment that the lien upon its property is unlawful and extinguished; and, (3) declaratory judgement that taxes assessed upon its property prior to September 15, 2017 are uncollectible. (R 1).

Defendants J. Craig Snodgrass, Lorain County Auditor, and Ronald Talarek, Lorain County Treasurer, have moved to motion to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(1) asserting the Court lacks subject matter jurisdiction. (R. 7). Specifically, Defendants assert that "the Tax Injunction Act ('TIA') precludes the federal courts from exercising federal subject-matter jurisdiction over a plaintiff's challenge to a state tax system. 28 U.S.C. § 1341."

*Id*. at PageID# 40. Plaintiff filed an opposition to the motion (R. 10); and, thereafter, this action was reassigned to the undersigned District Judge.

### I. Allegations in the Complaint

Plaintiff Moore Road, LLC owns a 75-acre parcel of real property located in Avon Lake, Lorain County, Ohio. (R. 1, ¶¶3, 12). On November 5, 2014, Plaintiff commenced an action against these same defendants before the Lorain County Court of Common Pleas, Case No. 14-CV-184928.[1] (R. 1, ¶13). Plaintiff alleges that, on January 23, 2015, Defendants filed an Answer in the Lorain County action but did not assert a compulsory counterclaim for disputed real estate taxes. (R. 1, ¶15). It further alleges that a week later, on January 30, 2015, the same Defendants commenced a different and separate action before the Lorain County Common Pleas Court as Case No. 15-TX-006501, wherein Defendants sought to foreclose on Plaintiff's property and enforce a lien for real estate taxes. (R. 1, ¶16). Plaintiff's Complaint in this Court avers that this latter state court action was dismissed without prejudice for failure to obtain service upon Plaintiff Moore Road. (R. 1, ¶18). The Complaint further avers that "there exists of record a lien upon the Property for unpaid real property taxes …." (R. 1, ¶23).[2]

It is Plaintiff's position that "[o]n September 15, 2017 by operation of Ohio law, at the occasion of one year from the foregoing dismissal having passed and subsequent thereto the

---

[1] The Court notes that this action remains pending. Rather than pursue its state court claims to a conclusion, Plaintiff soon after filing the present federal action moved to stay this state court action, a motion Defendants opposed. It does not appear the motion to stay has been ruled upon, and the court docket indicates plaintiff may supplement that motion by March 17, 2023. *See* https://cp.onlinedockets.com/loraincp/case_dockets/Docket.aspx?CaseID=337841 (last accessed on March 6, 2023).

[2] Defendants' Motion to Dismiss avers that "[a]s of the date of filing of Plaintiff's complaint in the present matter, Plaintiff owes $420,032.95 in delinquent property taxes." (R. 7, PageID# 40).

2

County is barred from commencing said action." (R. 1, ¶19). Plaintiff contends that the continued presence of tax liens on the property constitute an unconstitutional taking.[3] (R. 1, ¶23).

## II. Federal Rule of Civil Procedure 12(b)(1) Standard

"Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. A *facial* attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party. A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations …." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) *cert. denied*. 513 U.S. 868, 115 S.Ct. 188, 130 L.Ed.2d 121 (1994) (internal citations omitted). Defendants' challenge falls into the second category.

Moreover, the burden with respect to a Rule 12(b)(1) challenge to a federal court's jurisdiction is not on the moving party, but rather on the party invoking the Court's jurisdiction. In other words, "where subject matter jurisdiction is challenged under Rule 12(b)(1), as it was here, the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986); *accord RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996) ("plaintiff will have the burden of proof that jurisdiction does in fact exist"); *Wenz v. Rossford Ohio Transp. Improvement Dist.*,

---

[3] The allegations in this paragraph do not constitute factual allegations but rather legal conclusions, which the Court owes no deference at the Rule 12 stage. *Ashcroft v Iqbal*, 556 US 662, 678; 129 S Ct 1937; 173 L Ed 2d 868, 884 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

392 F. Supp. 2d 931, 934 (N.D. Ohio 2005) ("The plaintiff bears the burden of demonstrating that the Court has and may appropriately exercise jurisdiction over the subject matter.")

Finally, "[i]f a federal court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the action." *Hometown Vill. of Marion Ass'n v. Marion Twp.*, 547 F. Supp. 3d 672, 676–77 (E.D. Mich. 2021) (citing Fed. R. Civ. P. 12(h)(3)).

### III. Analysis

Defendants' motion to dismiss contends that 28 U.S.C. § 1341, also known as the Tax Injunction Act (TIA), precludes the federal courts from exercising federal subject-matter jurisdiction over Plaintiff's claims. (R. 7).

The TIA states that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. §1341. "The TIA is one constraint on federal court jurisdiction." *Hometown Vill. of Marion Ass'n*, 547 F. Supp. 3d at 676-77. The United States Supreme Court has interpreted the TIA as follows: "the Act divests the district court not only of jurisdiction to issue an injunction enjoining state officials, but also of jurisdiction to take actions that 'suspend or restrain' the assessment and collection of state taxes. Because the declaratory judgment 'procedure may in every practical sense operate to suspend collection of the state taxes until the litigation is ended,' the very language of the Act suggests that a federal court is prohibited from issuing declaratory relief in state tax cases." *California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982) (*citing Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 299 (1943)); *accord Islamic Ctr. of Nashville v. Tennessee*, 872 F.3d 377, 382 (6th Cir. 2017) ("[A]lthough the TIA's language formally encompasses only injunctive relief, the Supreme Court has clarified that its prohibition applies to declaratory judgments as well.").

Despite Plaintiff's attempts to argue that this case is not a dispute over the amount of taxes or the methods of assessment, no amount of artful pleading or argument can obscure the fact that Plaintiff is attempting to have a federal court declare that the tax liens on the property in question are null and void and that the tax assessment on the property should be invalidated based on Plaintiff's interpretation of Ohio law.

In *Islamic Ctr. of Nashville*, the Sixth Circuit Court of Appeals found that the plaintiff's claims sought "to prevent or invalidate the assessment of a tax," and was, therefore, barred by the TIA even though the assessment was challenged as violating the First Amendment. 872 F.3d at 382-384. In *Hometown Vill. of Marion Ass'n*, a district court sitting in the Eastern District of Michigan found that an action by a plaintiff seeking to quiet title in its favor would violate the TIA. 547 F. Supp. 3d at 677 (finding that it could not invalidate a judgment of foreclosure under the TIA). Plaintiff's request herein, which seeks to nullify a tax lien, is similar except that it seeks invalidation before the state has foreclosed on the property. For the same reasons, however, this Court cannot grant the requested relief without running afoul of the TIA.

Moreover, as stated *supra*, it is Plaintiff's burden to prove jurisdiction exists to survive the motion to dismiss. Plaintiff's brief fails to cite a single case to support its position that an alleged taking based on a tax assessment or a request for a declaratory judgment seeking to nullify a tax assessment does not fall under the TIA's prohibition.[4] As such, Plaintiff has not satisfied its burden of showing that this Court has jurisdiction.

Finally, Plaintiff's opposition brief has not argued that Ohio courts fail to provide a "plain, speedy and efficient remedy." In *Laborde v. City of Gahanna*, 561 F. App'x 476, 480 (6th

---

[4] The cases cited in Plaintiff's opposition brief all refer to Rule 12 motion standards rather than the impact of the TIA on its claims.

Cir. 2014), the Sixth Circuit Court of Appeals upheld a district court's determination that O.R.C. § 2723.01 provided taxpayers with a plain, speedy, and efficient remedy that satisfied the TIA. The *Laborde* court concluded that "[b]ecause [Ohio] state law provides a plain, speedy and efficient remedy, the TIA bars prosecution of the takings claims in federal court." *Id*.

Because Plaintiff's present action plainly seeks to enjoin, suspend or restrain the assessment, levy or collection of property taxes and because Ohio law provides a plain, speedy and efficient remedy in its state courts, the Defendants' motion to dismiss is well taken.

### III. Conclusion

For the foregoing reasons, the motion to dismiss (R. 7) is hereby GRANTED and this matter is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED.

*s/ David A. Ruiz*
David A. Ruiz
United States District Judge

Date: March 6, 2023